

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-3-2009

# Bierley v. Dombrowski

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4483

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Bierley v. Dombrowski" (2009). *2009 Decisions.* Paper 1938.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1938

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4483
_____

HARRY L. BIERLEY,

                                        Appellant

v.

DETECTIVE LARRY DOMBROWSKI;
DEP. MICHAEL GROLUMOND;
POLICE OFFICER ERIK CHRISTENSEN;
LT. SHERIFF STEPHEN BRANDON;
SHERIFF ROBERT MERSKI; JUDGE ERNEST DISANTIS, JR.;
ADA/FORMER PD CHRISTINE KONZEL; ADA LISA STEIN;
ADA DOUGLAS MCCORMICK; POLICE OFF. JAMES BOYD;
PAROLE OFF. DANTE BATTLES; PAROLE SUPER. RAYMOND READE;
COLLECT. OFF. PHILLIP LEGLER; COLLECT. OFF. PAUL R. KETCHUM;
D.A. BRADLEY FOULK; COUNTY EXECUTIVE MARK DIVECCHIO;
ASS'T P.D. ANDREW H. WEINRAUB, ESQ.;
ASSIST. P.D. ALAN J. NATALIE; WARDEN JAMES VESHECCO

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cv-00272)
District Judge:  Honorable Maurice B. Cohill, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2009
Before:  FISHER, JORDAN and VAN ANTWERPEN, Circuit Judges.

(Filed: February 03, 2009 )
_____

OPINION

_____

PER CURIAM

Harry L. Bierley, proceeding pro se and in forma pauperis, sued 19 Defendants. In his complaint, he contended that Defendants used perjury to defame him and win an illegal conviction against him, and unlawfully imprisoned him for 51 days. Bierley also complained about his February 4, 2005 arrest for being in an Erie County Courthouse without permission. He alleged that one Defendant, his parole officer, did not care that Bierley believed his parole was illegal, and subjected him to many harassing, unwanted, and unwelcome visits to his home. He also claimed that his imprisonment after a hearing on another parole violation in September 2005 was illegal, as was the extension of his parole time after a related hearing in October 2005. He expressed his anger about having had to pay costs, fees, and fines. He also took issue with a county executive's decision not to file a complaint with the Pennsylvania Attorney General or in federal court to protest a judge's decision to imprison him. In addition to a declaration that Defendants violated his rights, he asked for damages against all but one Defendant[1] and the issuance of an arrest warrant against all Defendants for sedition, subversion, treason, conspiracy, and civil rights violations.

_____

[1]On appeal, among other forms of relief, he asks us to assess $84,522,009 in damages against each Defendant without exception.

2

In the District Court, Defendants filed motions to dismiss Bierley's complaint. They argued that the claims against them were barred by res judicata and collateral estoppel, the Rooker-Feldman doctrine,[2] and various immunities. Defendants also argued that Bierley had failed to state a claim on which relief can be granted. The District Court granted the motions and dismissed the complaint.

The District Court held that the principles of res judicata and collateral estoppel barred the suit because Bierley raised the same allegations and causes of action he raised in his previous dismissed lawsuit. The District Court also stated that the Rooker-Feldman doctrine precluded Bierley's claims that were attempts to relitigate or collaterally attack state court decisions as well as those claims that were inextricably intertwined with those state court decisions. The District Court additionally held that Bierley did not state claims of equal protection violations or conspiracy to violate his civil rights. The District Court determined that the police officer and warden Defendants were entitled to qualified immunity, the District Attorney Defendants were immune from suit for their prosecutorial activity, and the judicial Defendant was entitled to judicial immunity for his conduct. All Defendants were held to be immune from Bierley's common law claims under the Political Subdivision Tort Claims Act, 42 P.S. § 8541. Bierley filed a motion for reconsideration, which the District Court denied. Bierley appeals.

---

[2]The doctrine is derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

We have jurisdiction pursuant to 28 U.S.C. § 1291.[3] Our review of the order

dismissing the complaint is plenary.[4] See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996);

see also Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). We review

the order denying the motion for reconsideration for abuse of discretion. See Koshatka v.

Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985).

---

[3]Some Defendants/Appellees argue that we do not have jurisdiction over Bierley's appeal because he did not file his notice of appeal within 30 days of the District Court's final order and because he did not file his motion for reconsideration within 10 days of the District Court's order. See Bowles v. Russell, 127 S. Ct. 2360, 2363-66 (2007) (holding that the time limit of Rule 4(a)(1) for commencing an appeal is mandatory and jurisdictional). However, a notice of appeal in a civil case in which the United States is not a party is timely if it is filed within 30 days of the *entry* of the order or judgment being appealed. See Fed. R. App. P. 4(a)(1). If Rule 58 of the Federal Rules of Civil Procedure requires a separate document, as it did when the District Court dismissed Bierley's complaint, the order is not considered entered until it is entered on the docket under Rule 79(a) of the Federal Rules of Civil Procedure and the earlier of these two events occurs: (1) the order is set forth on a separate document, or (2) 150 days have run from the order's entry on the docket pursuant to Rule 79(a). See Fed. R. App. P. 4(a)(7)(A)(ii). Because the District Court did not issue its order on a separate document, Bierley had 180 days to file his notice of appeal. See Leboon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 223 (3d Cir. 2007). Accordingly, Bierley timely appealed from the District Court's order granting the motions to dismiss and dismissing his complaint when he filed his notice of appeal approximately two months after the District Court signed its order. We will also consider his appeal from the order denying his motion for reconsideration. A motion for reconsideration must be filed no later than 10 days after the *entry* of judgment. See Fed. R. Civ. P. 59(b). Because the entry of judgment was delayed because the District Court did not issue a separate document, Bierley's motion for reconsideration was timely filed. His notice of appeal (within 30 days) from the order denying his motion for reconsideration was also timely as to that order (which is not subject to the separate document requirement, see Fed. R. Civ. P. 58(a)(4)).

[4]In reviewing this matter, we reject absolutely Bierley's bilious attacks on the integrity of the District Court judge in this case.

The District Court properly dismissed many of Bierley's claims on res judicata grounds. Res judicata encompasses two preclusion concepts – issue preclusion, which forecloses litigation of a litigated and decided matter (often referred to as direct or collateral estoppel), and claim preclusion, which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 (1984). Some of Bierley's claims are identical to those he raised in an earlier complaint against the same Defendants. Compare Supp. App. of Gromolund, et al. Ex. A, Complaint at ¶¶ 15, 16, 17, & 13 with id. at Ex. B, Complaint at ¶¶ 6, 7, 8, & 16; compare also id. at Ex. A, Complaint at ¶ 10 and Ex. F at 2 (describing the facts of Bierley's case). The District Court dismissed that earlier complaint, id. at Ex. D; we dismissed Bierley's appeal from that dismissal as frivolous, id. at Ex. F & G; and the Supreme Court not only dismissed Bierley's subsequent petition for writ of certiorari, but also directed its Clerk not to accept any more of Bierley's petitions in non-criminal matters because Bierley had repeatedly abused the Court's process, id. at Ex. H. Although Bierley's other claims are not copied verbatim from his earlier complaint, some nonetheless relate to the same cause of action. See United States v. Athlone Industries, Inc., 746 F.2d 977, 984 (3d Cir. 1984) (describing how we define cause of action for purposes of res judicata analysis).

To the extent that Bierley relied on material facts in the second suit that he did not rely on in the first suit, namely, as Bierley presses in his brief, incidents that occurred

5

after the District Court dismissed his previous complaint, we will affirm the District Court's order on alternative grounds.  See Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988); see also 28 U.S.C. § 1915(e)(2)(B).  Bierley faces the same obstacle to success in this case as he did in his previous appeal.  Through his claims related to his parole revocation in September and October 2005, subsequent imprisonment, and associated fees, fines, and costs, he is attempting to challenge the fact or duration of a conviction or sentence.  Under Heck v. Humphrey, Bierley cannot bring such a challenge unless he can show that his conviction or sentence has been invalidated.  See 512 U.S. 477, 486 (1994).  Although Bierley noted that a summary conviction of his was reversed on appeal, he did not allege that a relevant parole revocation decision was ever overturned or declared invalid.  Accordingly, Bierley faces a Heck bar.  Cf. Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006).

Furthermore, if any claims survive the Heck bar, the prosecutor Defendants have absolute immunity for their actions arising out of their official duties, see Imbler v. Pachtman, 424 U.S. 409, 427 (1976), and the police officers and warden Defendants are entitled to qualified immunity for acting pursuant to a sentence that had been legally imposed and not yet overturned, see Showers v. Spangler, 182 F.3d 165, 171-72 (3d Cir. 1999).  (The judicial Defendant also is immune from Bierley's suit to the extent that Bierley seeks damages from him.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).)

6

Also, to the extent Bierley's general claims of an equal protection violation and a conspiracy to violate his civil rights touched on material facts that were not <u>Heck</u>-barred or part of his previous cause of action, we conclude, as the District Court did, that Bierley failed to state a claim upon which relief can be granted. Moreover, Defendants are immune from suit on any common law claims that similarly survived. <u>See</u> 42 P.S. § 8541.

The District Court did not abuse its discretion in denying Bierley's motion for reconsideration because the motion did not serve "to correct manifest errors of law or fact or to present newly discovered evidence," <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985).

Because the District Court properly dismissed Bierley's complaint and denied his motion for reconsideration, we will affirm the District Court's judgment.